IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **ROBERT HOOPER** \*  | |
|       **PLAINTIFF** \* | |
| \* | |
| **V.** \* | |
| \* | **CASE NO. 4:18CV00669 SWW** |
| \* | |
| **JANTRAN, INC.** \* | |
|       **DEFENDANT** \* | |

## ORDER

Plaintiff Robert Hooper filed this personal injury lawsuit on September 13, 2018 against Jantran, Inc. ("Jantran"), and the parties subsequently executed a written settlement agreement. Because Mr. Hooper has failed to sign a release as he agreed and as ordered by the Court, the Court will enforce the terms of settlement agreement and dismiss the case with prejudice.

On December 1, 2020, the parties participated in mediation and executed a written settlement agreement, signed by Mr. Hooper and counsel for both sides. *ECF No. 26-1*. The agreement contemplated that Mr. Hooper would execute a release and receive the settlement proceeds.

On December 14, 2020, Jantran's lawyer, Thomas B. Janoush, delivered a proposed release and settlement funds to Hooper's lawyer, R. Todd Elias, so that the matter could be concluded. *ECF No. 26-2*. Subsequently, however, Mr. Elias reported to Mr. Janoush that Mr. Hooper had refused to sign the release and was

refusing to communicate with him.

On April 15, 2021, Jantran filed a motion to enforce the settlement [*ECF No. 26*], which was unopposed by Mr. Elias.  On April 20, 2021, the Court directed counsel for both parties to submit affidavits regarding the existence of a settlement agreement. *ECF No. 27*. Additionally, the Court instructed Mr. Elias to continue his efforts to keep Mr. Hooper apprised of the activity in this case and provide him an opportunity to submit an affidavit. *Id.*

The attorneys filed affidavits as requested by the Court [*ECF Nos. 28, 30*], but Mr. Hooper did not act on his opportunity to be heard. Mr. Elias submitted an affidavit enumerating his exhaustive efforts to communicate with Mr. Hooper. *ECF No. 30*.  Mr. Elias's attempts include making over fifty phone calls to Mr. Hooper, hiring an investigator to verify Mr. Hooper's address, and mailing Mr. Hooper two certified letters informing him of his opportunity to respond to the motion to enforce the settlement agreement.  *Id*.

For reasons set forth in an order entered July 20, 2021 [*ECF No. 31*], the Court granted the motion to enforce, finding it undisputed that the parties had entered a settlement agreement, which required Mr. Hooper to sign a release. The Court ordered Mr. Hooper to execute the release submitted with Jantran's motion to enforce [*ECF No. 26-2*] and warned that if he failed to do so, the Court would consider imposing appropriate sanctions. *Id*. *at 5-6.*

On August 5, 2021, Mr. Elias filed a status report stating that he had mailed Hooper a copy of the Court's order and a copy of the release but that Hooper had not signed the release as ordered.  *ECF No. 32*.  Mr. Elias also provided a copy of a FedEx shipment document showing that his delivery was delivered to Mr. Hooper's home address on July 22, 2021.

Under these circumstances, the Court finds it appropriate to enforce the settlement agreement and dismiss this case with prejudice.

IT IS THEFORE ORDERED that:

(1) Defendant Jantran, Inc. shall pay settlement funds to Plaintiff Robert Hooper, according to the terms of the parties' settlement agreement;

(2)  Plaintiff Hooper is deemed to have signed the release [*ECF No. 26-2*] and is bound by its terms; and

(3) pursuant to the judgment entered together with this order, this action is DISMISSED WITH PREJUIDCE.

IT IS SO ORDERED THIS 29TH  DAY OF SEPTEMBER, 2021.

Susan Webber Wright  
UNITED STATES DISTRICT JUDGE